Matter of Attorneys In Violation of Judiciary Law § 468-a. (Carleton) (2019 NY Slip Op 06136)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Carleton)


2019 NY Slip Op 06136


Decided on August 8, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 8, 2019


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; DIA M. CARLETON, Respondent. (Attorney Registration No. 1884857)

Calendar Date: July 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Guttman & Reiter, Ithaca (Lillian J. Hines of counsel), for respondent.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1981. She lists a Pennsylvania business address with the Office of Court Administration.
By January 2014 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (Matter of Attorneys in Violation of Judiciary Law § 468, 113 AD3d 1020, 1026 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). At the time of her suspension in October 2013, respondent had not fulfilled her attorney registration requirements since the 2002-2003 biennial period. Although respondent thereafter complied with the registration requirements in 2017, she did not seek reinstatement from her suspension at that time. Respondent now moves, by application marked returnable July 15, 2019, for her reinstatement in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Lawyers Fund for Client Protection indicates that it has no objection to respondent's application, and petitioner advises that it defers to the Court's discretion with respect to respondent's application.
In light of the length of her suspension, respondent properly submits a sworn form affidavit applicable to attorneys suspended for longer than six months (see Rules for Attorney [*2]Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Katz], 166 AD3d 1469, 1470 [2018]). Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in her suspension and she is now current with her biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondent has also submitted the required documentation in support of her application, including proof that she successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Moreover, having reviewed the submitted materials, respondent's affidavits and petitioner's responsive correspondence, we are satisfied that respondent has sufficiently complied with the order of suspension and the rules of this Court, that she has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate her to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Brown], 172 AD3d 1818 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Obele], 169 AD3d 1154, 1155 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.
Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.